IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00031-MR
CRIMINAL CASE NO. 1:99-cr-00005-MR-2

| | |
|---|---|
| HASSON LEWIS FLOYD, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

The pro se Petitioner is presently serving multiple sentences including four terms of life imprisonment in the North Carolina Department of Adult Corrections.[1] He was convicted in Case No. 1:99-cr-00005 of: aiding and abetting bank robbery in violation of 18 U.S.C. § 2113(a) and 2; aiding and abetting larceny from a bank in violation of 18 U.S.C. § 2113(b) and 2; aiding

---

[1] Petitioner's North Carolina convictions include Buncombe County Superior Court Case Nos. 98CRS67186, 98CRS67238, and 98CRS67240 (robbery with a dangerous weapon); 98CRS4911 (violent habitual felon); and 99CRS4912 (conspiracy to commit robbery with a dangerous weapon), *sub nom* Hasson Sermon Floyd. [See CR Doc. 69].

and abetting assault with a weapon during bank robbery in violation of 18 U.S.C. § 2113(d) and 2; discharging a firearm during bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and assault on an officer inflicting injury in violation of 18 U.S.C. § 111.[2] [1:99-cr-5 ("CR") Doc. 48: Verdict]. This Court sentenced him to two consecutive terms of life imprisonment that are consecutive to his North Carolina life sentences.[3] [CR Doc. 69: Judgment]. The Fourth Circuit Court of Appeals affirmed his convictions and sentences on August 6, 2001. United States v. Floyd, 16 F. App'x 189 (4th Cir. 2001).

Petitioner filed the instant Motion to Vacate on January 23, 2023.[4] [Doc. 1]. He raises claims of substantive errors, ineffective assistance of

---

[2] The Honorable Lacy H. Thornburg presided over the trial. After Judge Thornburg's retirement, this matter was reassigned to the undersigned.

[3] Even though Petitioner is presently incarcerated in state prison, he appears to be "in custody" under his federal sentences. See generally Peyton v. Rowe, 391 U.S. 54 (1968) ("a prisoner serving consecutive sentences is 'in custody' under any one of them"); United States v. Hillary, 106 F.3d 1170, 1172 (4th Cir. 1997) ("consecutive sentences must be viewed in the aggregate" for purposes of the "in custody" requirement); see, e.g., Ospina v. United States, 386 F.3d 750, 752 (6th Cir. 2004) ("A prisoner is in custody for the purposes of § 2255 when he is incarcerated either in federal or state prison, provided that a federal court has sentenced him.") (collecting cases).

[4] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings). The Petitioner previously filed a Motion to Vacate before sentencing; it was dismissed as premature on July 25, 2000, Case No. 1:00-cv-161-LHT.

2

counsel, and the validity of his conviction and sentence under § 924(c).[5] [Doc. 1]. With regard to the timeliness of the Motion to Vacate, Petitioner states:

> Because my constitutional rights have been violated. The 5th and the 14th Amendment of the U.S. Constitution. I have wrote to Prison Legal Services and they won't help me. I have wrote to law groups and lawyers and no one would help me. There is not a law library in North Carolina's prisons. So, what must a prison do? I do not know the law. And suffer from mental illness. But yet I have tried in every way to seek help. In light of these facts I seek a way forward. Also the defendant is challenging the indictment it's self as being multiplictous on it's face. And the defendant contends that the indictment was one which was founded one double jeopardy violation. Causing the incitement to be invalid. I have relied in all due fashion on continued existence of pre-AEDPA law.

[Doc. 1 at 12] (errors uncorrected).

The Antiterrorism and Effective Death Penalty Act (AEDPA),[6] imposes a one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

---

[5] If Petitioner wishes to challenge the conditions of his confinement, he must do so, if at all, in a separate civil action. [See Doc. 1 at 10 (complaining that there is no law library in his prison)]; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (challenges to conditions of confinement are properly brought in a civil rights complaint). The Court makes no determination about the potential merit or procedural viability of such an action.

[6] AEDPA became effective on April 24, 1996, long before Petitioner's convictions became final.

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petition is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Equitable tolling is available only when a § 2255 petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); see Pace v. DiGuglielmo, 544 U.S. 408,

4

418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements.").

Here, it appears that the Motion to Vacate is subject to dismissal with prejudice as time-barred because it was filed more than two decades after Petitioner's conviction and sentence became final, and the Petitioner has failed to demonstrate that statutory or equitable tolling applies. See generally United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling; as a general matter, equitable tolling because of a petitioner's mental condition only applies in cases of profound mental incapacity during the running of the limitation period); Henriquez v. United States, No. 5:06-CR-232-FL, 2012 WL 1564158, at *2 (E.D.N.C. May 2, 2012) ("Prison conditions such as lock-downs, misplacement of legal papers, and lack of access to legal materials typically are not grounds for equitable tolling").

The Court will provide the Petitioner 21 days in which to provide an explanation as to why the instant Motion to Vacate should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (a petitioner should be offered an opportunity to respond before his case is dismissed as time-barred).

5

Case 1:23-cv-00031-MR   Document 2   Filed 02/08/23   Page 5 of 6

**IT IS, THEREFORE, ORDERED** that the Petitioner shall have **twenty-one (21)** days from the entry of this Order to demonstrate why this action should not be dismissed as untimely. Should the Petitioner fail to comply with this Order, this action will be dismissed with prejudice as time-barred without further notice.

The Clerk is respectfully instructed to mail Petitioner a blank § 1983/Bivens prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: February 8, 2023

Martin Reidinger
Chief United States District Judge